IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-CR-00101-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDRIA EMERSON-BROWN,

    Defendant.

---

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

---

    Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America respectfully moves, unopposed, for entry of a protective order governing the disclosure and handling of personal identifying information and law enforcement sensitive information that will be produced as discovery in this case. In support of this motion, the Government states as follows:

    1.    The Indictment charges the Defendant with conspiring to defraud the Government by preventing enforcement of the Special Administrative Measures ("SAMs") for an inmate at the U.S. Penitentiary, Administrative Maximum Facility, Florence, Colorado ("ADX").

    2.    Therefore, discovery in this matter involves in addition to personally identifying information, a substantial volume of documents that relate to highly sensitive matters related to ADX, the administration of the SAMs, and the inmate involved in this case.

1

3. Redaction of this sensitive information is impracticable because it would prevent disclosure of information relevant to the case and would unnecessarily complicate the review of discovery. Thus, the Government requests entry of a protective order implementing the procedures set forth below.

4. The Government requests protection of (1) third-party personal identifying information produced in this case, consisting of dates of birth, government-issued identification numbers, employer or taxpayer identification numbers, addresses, phone numbers, and financial account information, and (2) sensitive law enforcement information related to the inmate involved in the case, sensitive aspects of ADX, and the administration of SAMs, (together, the "Protected Information") as set forth in the attached proposed protective order, consisting of the following provisions:

a. The Protected Information produced to the Defendants may be disclosed only to defense counsel and their staff, the Defendant (subject to the conditions set forth in paragraph c.), and any retained defense experts (subject to the conditions set forth below). Those persons shall keep the Protected Information in strict confidence and may use the Protected Information exclusively in connection with this case, and for no other purpose. This prohibits disclosure to third parties for any reason, including disclosure by the Defendant to third parties beyond the defense team.

b. Defense counsel may provide the Defendant with the discovery materials including the Protected Information. Counsel shall ensure that all persons who receive the

Protected Information are provided a copy of and read the Court's order and are informed of their responsibility to safeguard the information and to protect it from further dissemination.

    c. If a document containing Protected Information is filed with the Court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the Court's determination, shall file the document as restricted at Level 3. The Clerk shall accept for filing as restricted any such filings by the parties without the filing of a separate motion to restrict.

    d. At the conclusion of this case, defense counsel (1) will collect the Protected Information from all authorized persons to whom that information has been disclosed, and (2) defense counsel shall maintain all Protected Information in a secure manner as part of the case file and for use only in connection with this case.

    e. Nothing in the order shall prevent any party from seeking modification of the order or from objecting to discovery that it believes to be otherwise improper.

    f. The order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

  5. Rule 16(d)(1) of the Federal Rules of Criminal Procedure gives the Court broad authorization to issue an appropriate protective order governing discovery for good cause shown. Given the sensitive nature of the information present throughout the discovery in this case, there is good cause for the court to issue the attached proposed protective order.

6. The Government has consulted with counsel for the Defendant and is advised that the Defendant does not oppose issuance of the proposed protective order.

WHEREFORE, the United States respectfully requests entry of the attached proposed order designating the sensitive information described herein as protected and shielding that information from public disclosure.

Respectfully submitted this 8th day of May, 2023.

        COLE FINEGAN
        United States Attorney

        By: */s/ E. Garreth Winstead*
        E. Garreth Winstead
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0409
        E-mail: Garreth.Winstead@usdoj.gov
        Attorney for the United States

CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      By: */s/ Michelle Trujillo*
Supervisory Legal Assistant
United States Attorney's Office