IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00101-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALEXANDRIA PAIGE EMERSON-BROWN,

    Defendant.

---

### ORDER GRANTING UNOPPOSED MOTION TO CONTINUE THE MOTIONS DEADLINE, TRIAL PREPARATION CONFERENCE, AND TRIAL DATE

---

This matter is before the Court on the Unopposed Motion to Continue the Motions Deadline, Trial Preparation Conference, and Trial Date (the "Motion") filed on May 3, 2023 by Defendant Alexandria Paige Emerson-Brown ("Defendant"). [Doc. 18]. Defendant asks this Court for an order continuing the trial date, Trial Preparation Conference, and the deadline to file pretrial motion for 60 days. [*Id.* at 1]. Because the Motion is filed pursuant to 18 U.S.C. § 3161(h)(7), *see* [*id.* at 3], and Defendant argues that "[t]he ends of justice [will be] served by this requested continuance," *see* [*id.* at 1], the Court construes the Motion as requesting that 60 days be excluded from the Speedy Trial Act calculation.

Defendant's Motion implicates the Speedy Trial Act of 1974 ("Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18

1

U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

2

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

On April 4, 2023, a single-count indictment was filed in this case charging Defendant with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. *See* [Doc. 1]. Defendant was arrested on April 5, 2023 and made her initial appearance on April 18, 2023. [Doc. 4; Doc. 9]. Defendant was released on bond. [Doc. 13]. This Court subsequently set this case for a five-day jury trial beginning on June 12, 2023, with pretrial motions due May 16, 2023. [Doc. 16].

Counsel for Defendant states that "[d]ue to the complex nature of the case and voluminous discovery, including documents, intermixed with sensitive and personal identifying information, the government is still in the process of reviewing discovery and has been unable to disclose discovery materials." [Doc. 18 at ¶ 5]. According to defense counsel, discovery is "forthcoming," and the government anticipates that "it will be comprised of tens of thousands of pages of material." [*Id.*]. Defense counsel states that while she has begun a review of the case, additional time is necessary to complete additional investigation and conduct legal research prior to the pretrial motions deadline. [*Id.* at ¶¶ 6–7]. Counsel implies that the ends of justice will be served by continuing the trial and related deadlines. *See* [*id.* at 3].

Based on the relevant record considered as a whole, and because the government has not yet disclosed discovery materials, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1) The Unopposed Motion to Continue the Motions Deadline, Trial Preparation Conference, and Trial Date [Doc. 18] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 60 days, from June 27, 2023 to August 28, 2023**;

(3) The current trial and Trial Preparation Conference dates are **VACATED**. The **five-day** jury trial is **RESET** for **August 21, 2023**. The Trial Preparation Conference is **RESET** for **August 18, 2023 at 10:00 a.m.**;

(4) Defendant shall have up to and including **July 17, 2023** to file pretrial motions, and responses to these motions shall be filed by **July 24, 2023**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers

4

at Wang_Chambers@cod.uscourts.gov no later than **two business days after the motion is filed** to set such a hearing; and

(5)  The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 16] remain **SET**.

DATED: May 8, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5